UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BEATRICE M. LEWIS                      CIVIL ACTION NO. 06-0836

versus                                 JUDGE HICKS
                                       **Referred to:**
COMMISSIONER OF SOCIAL                 MAGISTRATE JUDGE HORNSBY
SECURITY

## MEMORANDUM RULING

**Introduction**

Beatrice Lewis ("Plaintiff") was born in October 1956, has a 12th-grade education, and has past work experience as a nurses' aide.  She applied for disability benefits based on claims of Raynaud's Syndrome, fibromyalgia, and high blood pressure.  The combination of the denial of an earlier application and Plaintiff's last insured date makes the relevant time in this case between May 24, 2003 and December 31, 2003.

ALJ Osly Deramus denied the claim in February 2006.  The Appeals Council denied a request for review.  Plaintiff then filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g).  Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Summary of the ALJ's Decision**

The ALJ analyzed the claim under the five-step sequential analysis set forth in the regulations. He found that Plaintiff had not engaged in substantial gainful activity (Step 1) and had fibromyalgia and hypertension, impairments that are severe within the meaning of the regulations (Step 2) but not severe enough to meet or equal a listing that would mandate a finding of disabled without regard to age, education or vocational factors.

The ALJ then reviewed the testimony and medical evidence. He determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work. The regulations define light work as work that involves lifting of no more than 20 pounds occasionally and up to 10 pounds frequently. It requires standing and walking for up to six hours during an 8-hour work day and sitting intermittently during the remaining time. 20 C.F.R. § 404.1567(b) and Social Security Ruling 83-10. That RFC did not permit Plaintiff to perform the demands of her past relevant work (Step 4), but the Medical-Vocational Guidelines provided administrative notice at Step 5 that there are jobs that a person with Plaintiff's RFC and other factors could perform. A vocational expert also testified and identified jobs in support of the Commissioner's burden at the fifth step of the analysis. Tr. 13-20.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal

standards.  Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990).  "Substantial evidence is more than a scintilla and less than a preponderance.  It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991).  A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination.  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Treating Physician's Opinion**

Dr. Wyche Coleman, Jr. issued a letter in September 2005 that stated Plaintiff "has multiple medical problems, including fibromyalgia, arthritis, hypertension, hyperlipidemia." He added that Plaintiff was on multiple medications and then, without explanation, concluded: "[Plaintiff] continues to be disabled from any type of gainful employment."  Tr. 189.  Dr. Coleman had previously submitted similar short letters in which he stated that he had been treating Plaintiff  and that her health problems prevented her "from any type of gainful employment" and that Plaintiff was "currently unable to work at this time."  Tr. 293-309.

Plaintiff urges that the ALJ did not afford adequate weight to Dr. Coleman's statement.  Ordinarily, "the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability."  Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985).  The treating physician's opinions, however, are not conclusive.  "[T]he ALJ has the

sole responsibility for determining the claimant's disability status." <u>Moore v. Sullivan</u>, 919 F.2d 901, 905 (5th Cir.1990). When good cause is shown, less weight, little weight, or even no weight may be given to the treating physician's testimony.  The good cause exceptions that have been recognized include statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. <u>Scott</u>, 770 F.2d at 485.

A statement or conclusion by a treating physician that a claimant is disabled or cannot work does not mean that the claimant is disabled for purposes of the Social Security Act; that legal conclusion is for the Commissioner to make. <u>Frank v. Barnhart</u>, 326 F.3d 618, 620 (5th Cir. 2003). What is important is the physician's medical findings and opinions about the claimant's health problems and the particular limitations (standing, reaching, lifting, etc.) they impose. It is the ALJ's duty to then decide whether those limitations render the claimant disabled within the meaning of the law.

The ALJ acknowledged Dr. Coleman's letter, recited the rules discussed above, including citation to the <u>Scott</u> decision, and concluded that "this is the correct standard to be applied in this case." Tr. 17-18.  The clear implication of the ALJ's statement is that he found cause to discount Dr. Coleman's statement.  It would have been preferable had the ALJ explained which of the available reasons he relied upon and to what extent he discounted the statement, but the decision is written adequately to convey the ALJ's essential rationale.  Dr. Coleman's statements were brief and conclusory and did not cite objective

medical evidence to support the ultimate conclusions (reserved to the Commissioner) set forth in the letters. The letters contained no statements about any particular limitations that Dr. Coleman believed were imposed by Plaintiff's health problems.

The ALJ observed in another portion of the decision that the evidence included two recent consultative examinations. Those examinations yielded findings that were at odds with the conclusions set forth in Dr. Coleman's letters. Dr. Gregory Founds examined Plaintiff in February 2004. He observed that Plaintiff's hypertension was shown by records to be under good control by medication. Plaintiff had reported that she had been diagnosed with Raynaud's Syndrome and fibromyalgia, but Dr. Founds wrote that "there was not much evidence to back this up." Plaintiff did have some cold hands, but not to the extent that would be expected if she truly had Raynaud's disease as opposed to Raynaud's phenomenon which is "more of a nuisance than a disabling illness." Dr. Founds questioned whether depression caused the symptoms that Plaintiff assigned to fibromyalgia, but he recommended a rheumatology evaluation to further address those issues. Tr. 138-42.

The other examination referenced by the ALJ was conducted by Dr. Charles Werner, who examined Plaintiff in April 2004. Plaintiff reported that she had Raynaud's, fibromyalgia, and rheumatoid arthritis. Dr. Werner found no significant documentation as far as lab results to back the diagnosis of rheumatoid arthritis. Examination revealed no significant findings expect for some trigger points. He found no "significant limitations" and

opined that Plaintiff could "handle herself in a work environment" as long as she stayed away from "heavy, strenuous or repetitive type duties." Tr. 145-46.

The reports from Drs. Werner and Founds do not suggest a person limited to the extent suggested in Dr. Coleman's conclusory letters. Those competing first-hand medical reports also suggest a person who would have the capability of performing the demands of mere light work. The ALJ did not err in discounting Dr. Coleman's opinion, and the presence of the competing first-hand medical evidence permitted him to do so without engaging in a full Newton analysis. Frank v. Barnhart, 326 F.3d at 620.

**Non-Compliance with Medications**

The ALJ noted during his discussion of the medical records that one record from LSU-HSC included a notation that Plaintiff was non-compliant with her medications for hypertension and elevated lipids. Plaintiff's hypertension was nonetheless stable, and physical examination did not reveal any major abnormalities. Tr. 15. The ALJ also mentioned the physician's notation of non-compliance in another portion of the opinion. Tr. 17.

The claimant must follow prescribed treatment if it can restore her ability to work. 20 C.F.R. § 404.1530. If a claimant is non-compliant with treatment, Social Security Ruling 82-59 explains that the claimant should be given an opportunity to fully express the reasons for not following the prescribed treatment, and detailed questioning may be needed so the record clearly and accurately reflects the claimant's reasons for failing to follow prescribed

treatment.  The failure of an ALJ to develop the record in this respect may require reversal and remand.

No remedy is in order in this case.  The non-compliance was merely mentioned in a description of the medical records.  The ALJ found that Plaintiff does have a severe impairment in the form of hypertension, and the ALJ did not discount in any way the effect of hypertension because of the mentioned non-compliance.  There is no reason to remand this case for development of Plaintiff's reasons for the mentioned non-compliance when it had no effect on the ALJ's assessment of Plaintiff's RFC or other aspects of the analysis.

**Obesity**

Plaintiff is 5'7" and, at the time of the hearing, weighed 216 pounds.  Social Security Ruling 02-1p recognizes that obesity can cause limitation of function and sets forth information about how obesity should be factored into an analysis.  Plaintiff faults the ALJ for not mentioning obesity in the decision, but Plaintiff does not suggest any limitation of function caused by her weight that would prevent her from performing light work activity. In the absence of any explanation as to how a consideration of obesity could have changed the decision, a remand would merely serve the interest of procedural perfection, which is not required.  Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988).

**Conclusion**

Plaintiff is not entitled to judicial relief based on the three issues asserted in her appeal.  The Commissioner's decision is affirmed for the reasons set forth above.  A judgment to that effect will be entered.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 20th day of July, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE